UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

ASHWANI D. BUDHIRAJA

Plaintiff

05 - 11820 EFH

v.

CIGNA d/b/a
CIGNA CORPORATION,
CIGNA GROUP INSURANCE,

Defendant

MAGISTRATE JUDGE RBC

RECEIPT # 66682
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 9/7/05

INTRODUCTORY STATEMENT

This action is commenced by Ashwani D. Budhiraja (hereinafter "Plaintiff" or "Budhiraja") against CIGNA d/b/a CIGNA CORPORATION, CIGNA GROUP INSURANCE, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Defendants" or "Cigna") in order to remedy or seek relief for the Defendants' unlawful and discriminatory practices, in violation of, inter alia, the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001-1461, in addition to certain statutory and common law claims.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. Section 1331 and 29 U.S.C. 1132(e), with respect to issues arising under federal statutory law. Moreover, this action involves claims between citizens of different states, and the

amount in controversy exceeds $75,000.00, exclusive of interest and costs, vesting jurisdiction in this Court pursuant to 28 U.S.C.A. Section 1332.

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b) and (c), because, inter alia:

   a. the unlawful practices complained of herein were committed in this judicial district;

   b. all records relevant to the allegations at issue herein are maintained and administered in this judicial district;

   c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of his disability insurance coverage, in this judicial district, but for the Defendants' unlawful practices.

3. The practices hereafter alleged to be unlawful were, and are now, being committed in the Commonwealth of Massachusetts. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this Court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

## THE PARTIES

4. The Plaintiff, Ashwani D. Budhiraja, is a resident of the town of Rehoboth, Massachusetts.

5. The Defendant, CIGNA et al, is a foreign corporation, maintaining its principal place of business in Dallas, Texas, and conducting business in the Commonwealth of Massachusetts, by providing insurance services to various clients, including INVENSYS PROCESS SYSTEMS et al (INVENSYS), Plaintiff's employer at the time of the incidents given rise to this Complaint, a foreign corporation which maintains facilities and conducts business at various locations within the Commonwealth of Massachusetts.

6. At all times pertinent to the allegations of this Complaint, the Defendants conducted business, and are continuing to conduct business, in the Commonwealth of Massachusetts.

7. At all times pertinent to the allegations of this Complaint, the following individuals were employees of the Defendant, and held the status of persons acting in the interest of, on behalf of, or as agents of the Defendant:

    a. Patti Holt, Cigna Appeal Claim Manager

    b. Medha Bharadwaj, Appeals Claim Examiner

    c. Chad Terra, Cigna Case Manager

    d. Stuart Snyder, MD

## FACTS APPLICABLE TO EACH COUNT

8. At all times material to this Complaint, Plaintiff was an employee of Invensys.

9. Invensys maintains a contract with Defendant Cigna to provide various insurance coverage to its employees, including long term disability insurance coverage. The Plan Administrator of the Employee Benefit Plan at issue in this action has selected the Defendants as the fiduciary for the review and determination of claims for benefits under federal law.

10. The Defendants' applicable policy definition of "disability/disabled" status states that an employee is considered disabled if, solely because of injury or sickness, he or she is either:

    a. unable to perform all the material duties of his/her regular occupation or a qualified alternative; or

    b. unable to earn 80% or more of his or her indexed covered earnings.

11. The Plaintiff suffers from coronary artery disease, angina, and hypertension, as well as resulting emotional impairments caused by his physical diseases for which he is required to take medication.

12. Since during or about November 2002, Plaintiff has been unable to perform the material duties of his regular occupation.

13. During or about 2000, the Plaintiff developed coronary artery disease. He underwent cardiac catheterization, including stent implantation. Following closure of the stent site, the Plaintiff required brachy-therapy. After the cardiac catheterizations, he experienced various complications, including bacterial endocarditis and a stroke. To date, he continues to suffer from recurrent angina, and continues to present symptoms of ischemia in the infero apical region of the heart.

14. Plaintiff's job requires substantial travel, both domestic and international, in order to fulfill the duties of his position. Plaintiff's job duties are not primarily sedentary.

15. Plaintiff filed for disability benefits through the Defendants, complying in all respects with any and all timeframes and procedural requirements pertinent to his application for long term disability benefits. In addition to other information, Plaintiff submitted complete copies of all medical records and other pertinent documents pertaining his coronary artery disease, angina, and hypertension.

16. On or about March 15, 2004, and on or about August 13, 2004, CIGNA denied the Plaintiff's application for long-term disability benefits.

17. CIGNA's denial of Plaintiff's benefits was predicated primarily, or in significant part, based on input from what CIGNA described as a "health care professional with the appropriate training and experience in the field of medical [sic]

involved in the medical judgment." To meet this self asserted requirement, Defendants requested a peer review from a cardiologist, Dr. Stuart Snyder.

18. CIGNA asserted that Dr. Snyder reviewed the medical records in the Plaintiff's file.

19. Dr. Joseph DiNicola is the Plaintiff's primary treating physician. Dr. DiNicola's records, submitted to CIGNA, confirm and substantiate his opinion that the Plaintiff remains completely disabled as a result of his ongoing medical condition. To date, Plaintiff continues to suffer from recurrent angina, and continues to present symptoms of ischemia in the infero apical region of the heart.

20. The facts indicate that Dr. Snyder never consulted with Dr. DiNicola prior to issuing his so-called peer review, despite CIGNA's assurance to the Plaintiff that Dr. Snyder would do so.

21. Dr. Snyder's review, on which CIGNA appears to rely almost exclusively, or in significant part, in reaching its decision to deny Plaintiff's benefits, focuses primarily on the Plaintiff's ability to "get to work."

22. Dr. Snyder opines that certain alternative treatment regimens may be helpful relative to Plaintiff's continuing disability, a factor that should have no bearing on the Defendants' decision to deny benefits. Plaintiff is not required to undergo any

procedures or treatment which, in consultation with his physician, he believes is unjustified and potentially harmful, simply because Defendants' peer review physician theorizes that such speculative treatments might be helpful.

23. In a letter dated August 13, 2004, Defendants stated that "[Plaintiff's] occupation as a Cost Reduction Engineer does not require [Plaintiff] to drive…as driving is not a material duty of [Plaintiff's] occupation, we are unable to approve [Plaintiff's] benefits based on [Plaintiff's] inability to get to work."

24. Defendants' reason for denying Plaintiff's long-term disability benefits, as referenced in the preceding paragraph, was based on nothing other than Dr. Snyder's conclusion that the main issue with Plaintiff's work functionality was his ability to get to work, rather than performing what Dr. Snyder speculated was the Plaintiff's "full time sedentary occupation."

25. Dr. Snyder evidently reached the conclusion referenced in the preceding paragraph without even consulting with Plaintiff's treating physician and without reviewing Plaintiff's up to date job description or any other information pertinent to Plaintiff's actual and essential job functions.

26. Dr. Snyder and Defendants have identified no information or data on which they have premised a conclusion that Plaintiff is performing a full time sedentary job.

27. Dr. Snyder's original "draft" report, as distinct from the subsequent "addendum" to that report, recognizes the fact that the practicalities of "getting to and from the job" would "greatly impact on [Plaintiff's] practical functional capacity." This obvious qualification regarding Dr. Snyder's assessment of Plaintiff's functional abilities is deleted in his addendum to that report, despite the fact that there is no indication in any correspondence from Defendants relative to the information upon which Dr. Snyder or Defendants have relied in making the sweeping determination that Plaintiff's ability to travel is unrelated to the essential requirements of his job.

28. With no evidence upon which to rely, Defendants and their medical consultant have arbitrarily reduced the issue of Plaintiff's ongoing disability to the minor issue of "getting to and from the job."

29. Without reasonable explanation or evidence, Defendants have presumed that the essential function of Plaintiff's job are sedentary and that travel, as opposed to what they view as simply commuting to and from work, is not an essential function of Plaintiff's job.

30. The facts indicate that Plaintiff's job requires frequent travel during his regular and normal work schedule, in order for him to accomplish his regularly assigned job objectives and responsibilities.

31. Plaintiff's actual job title is Principal Consultant-Cost Reductions/Productivity Improvements, in the Invensys Process Systems Division. In this position, it is Plaintiff's responsibility for identifying and implementing cost reductions and improvements in all Process Systems plants and sites, *both domestic and international*.

32. It is a significant and essential part of Plaintiff's job that he travel to both domestic and international sites, in an effort to establish viable partnerships with vendors and plant personnel.

33. The job description relied upon by Defendants in reviewing Plaintiff's job duties was outdated, as Defendants were so informed. The actual and accurate job description states that the Plaintiff's job *"requires* travel to both domestic and international sites to establish viable partnerships with vendors and plant personnel to achieve established cost reduction objectives." This requirement is specifically and clearly listed as a *"Basic Function"* of Plaintiff's job.

34. Plaintiff's job description also states facts indicating that a significant portion of Plaintiff's job responsibilities require him to interact with local management and various plant engineers, as well as various plant personnel, with various technical aspect of his employer's design, manufacturing and assembly functions.

35. Plaintiff's office is located in a remote area, some distance from even the local plants. There are three local plants within a 21 mile radius from his home office. Plaintiff's job requires that he be able and available to be physically present in any of his employer's plants on a regular basis, and he is frequently required to travel from site to site.

36. In his appeal of Defendants denial of benefits, Plaintiff submitted substantial information regarding his travel with respect to his employer's plants in the Commonwealth of Massachusetts, as well as the fact that the employer maintains 28 domestic plants/sites and 14 international plants/sites.

37. Plaintiff is also required to attend off-site training seminars and staff meetings, as well as other functions, at multiple times during the year.

38. Plaintiff's travel on behalf of his employer is well documented. His current period of disability commenced during or about November of 2002 to the present. Any fluctuation in travel during these periods reflect his employer's temporary and short-term effort to accommodate Plaintiff's disability, and the limitations driving therefrom, not any change in the essential requirements of his job, requirements that have remained unchanged during the past five year period.

39. If travel were removed from Plaintiff's job duties, it would fundamentally alter the character of his position.

40. As a result of his expertise, education and background, Plaintiff was hired to perform a particular and specialized function. The fact that this function includes substantial travel is substantiated by Plaintiff's job description, his travel history, his travel expense reimbursement documentation, as well as other irrefutable evidence.

41. Nevertheless, in a cavalier and arbitrary disregard of record facts, and without a good faith investigation and evaluation of those facts, Defendants denied Plaintiff's application for long-term disability benefits on the basis that "driving is not a material duty of Plaintiff's occupation."

42. As requested by Defendants' agents and representatives, including but not limited to those referenced in Paragraph 8, above, Plaintiff has supplied any and all medical documentation pertinent to and substantiating his medical condition, as well as his eligibility for benefits, within the policy definition supplied by the Defendants.

43. Plaintiff's treating cardiologist, Joseph DiCola, has consistently and repeatedly opined, to a reasonable degree of medical certainty, and premised on his treatment of the Plaintiff, that the Plaintiff is totally disabled from performing the material duties of his current employment, and remains in this status, to date.

44. Defendants' representatives and agents, including but not limited to those referenced in Paragraph 8, above, have failed and refused to consider in good faith the Plaintiff's application for long term disability benefits and, have acted arbitrarily and capriciously, and without good cause, in denying the Plaintiff's application for long term disability benefits.

45. Defendants have unreasonably failed and refused to approve Plaintiff's application for long term disability benefits, despite the fact that Plaintiff is clearly qualified for said benefits and has fulfilled all conditions precedent established by the Defendants in order to qualify for those benefits.

46. On or about February 15, 2005, Defendants informed Plaintiff that he had exhausted his rights of appeal, and that no further appeals would be considered. Defendants indicated that they had enlisted a vocational rehabilitation counselor to review his job descriptions, who purportedly advised Defendants that Plaintiff's occupation is considered sedentary "according to the Dictionary of Occupational Titles (DOT)." No further information was provided relative to Defendants review, if any, of Plaintiff's actual job duties, since apparently no good faith and reasonable review was conducted. On information and belief, Plaintiff's treating physician continues to find him totally disabled.

## COUNT I
### EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974
### 29 U.S.C. SECTION 1001-1461

47. The allegations contained in Paragraphs 1-46, above, are incorporated herein by reference in their entirety.

48. Defendants, in cooperation with Plaintiff's employer, maintain and/or administer, inter alia, long-term disability plan qualifying as an employee benefit plan pursuant to provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001-1461 (ERISA.)

49. Plaintiff qualifies as a participant and/or beneficiary of one or more employee benefit plans maintained by the Defendants, including the Invensys long-term disability plan, within the meaning of 29 U.S.C. 1132(a).

50. §502(a)(1)(B) of ERISA, 29 U.S.C.S. §1132(a)(1)(B), gives a participant or beneficiary of a plan that is covered by ERISA the right to bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

51. ERISA, 29 U.S.C.S. §§1001-1461, requires a plan to provide participants with adequate notice of the reasons for denying benefits and to afford a reasonable opportunity for a full and fair review.

52. In retaliation for his having exercised rights to which he is entitled under the provisions of the Invensys long-term disability plan, Plaintiff was discriminated against in Defendants' administration of the benefits of that plan, in violation of ERISA.

53. By its arbitrary and capricious failure and refusal to find the Plaintiff eligible for the benefits to which he is clearly entitled, Plaintiff was treated unlawfully by Defendants with respect to Defendants' administration of benefits under the Invensys long-term disability plan, pursuant to the terms of ERISA.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT II
## BREACH OF CONTRACT

54. The allegations contained in Paragraphs 1-46 above are incorporated herein by reference in their entirety.

55. The coverages, protections and provisions stated as part of the insurance contract between Invensys and CIGNA, CIGNA Group Insurance, et al, and related policies, among other official company publications and policies, create valid and enforceable contractual rights and obligations, of which Plaintiff is a direct party and/or a third party beneficiary.

56. Plaintiff performed his duties in a satisfactory manner, consistent with those obligations as required and outlined in the official policies and documents referenced in the preceding paragraph.

57. Despite the Plaintiff's performance of his required duties in a satisfactory and manner, meeting any and all contractual obligations he may have had, Defendants unlawfully breached their contractual relationship with the Plaintiff and with Invensys by, inter alia, discriminating against him in terms of its administration of long term disability benefits, and treating him in a disparate and discriminatory fashion because he is disabled.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT III
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

58. The allegations contained in Paragraphs 1-46 above are incorporated herein by reference in their entirety.

59. In all contracts, there is inherent a covenant of good faith and fair dealing.

60. Under this covenant, the parties to a contract must deal with each other honestly and in good faith, not only with respect to the performance of the contract, but also in their enforcement of the terms of the contract.

61. Defendants' bad faith and lack of fair dealing are evidenced by, inter alia, its refusal to be bound by the insurance contract between CIGNA et al and INVENSYS, to which Plaintiff is either a party or of which he is a third party beneficiary, by its refusal to honor its terms and requirements, by its failure and refusal grant Plaintiff his long term disability benefits under the existing policy, even though the Plaintiff is fully qualified therefore.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendants and in favor of Plaintiff for all damages and equitable relief available, including but not limited to the following:

(a) an order that the Defendants institute and carry out practices, policies and programs which provide lawful treatment to qualified individuals with disability status;

(b) an order that the Defendants make whole the Plaintiff with the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including, but not limited to the award to Plaintiff of the disability benefits to which he is rightfully due;

(c) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for

health and life insurance premiums, medical treatment while without disabilty benefits;

(d) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages; as well as any special damages provided by ERISA.

(e) grant attorney's fees and the costs of this action;

(f) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

(g) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued.

(h) grant such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Ashwani D. Budhiraja,
By His Attorney,

/s/ Stephen T. Fanning

Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)




UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)

   ASHWANI D. BUDHIRAJA V. CIGNA d/b/a CIGNA CORPORATION

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES    (NO)

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       (EASTERN DIVISION)      CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen T. Fanning # 542343
ADDRESS          305 S. Main St., Providence, RI 02903
TELEPHONE NO.    401-272-8250

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ASHWANI D. BUDHIRAJA

**DEFENDANTS**

CIGNA d/b/a CIGNA CORPORATION,
CIGNA GROUP INSURANCE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen T. Fanning #542343
305 S. Main St.
Providence, RI 02903   401-272-8250

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Arbitrary and discriminatory refusal to pay long term disability benefits under ERISA, 29 USC Sec. 1001-1461.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): None   JUDGE _____   DOCKET NUMBER _____

DATE: 9/7/05

SIGNATURE OF ATTORNEY OF RECORD: Stephen T. Fanning #542343

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____