**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| ASHWANI D. BUDHIRAJA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-11820-EFH |
| | ) | |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER TO AMENDED COMPLAINT**

The Defendant, Life Insurance Company of North America ("LINA") hereby answers

Plaintiff's Amended Complaint as follows:

**INTRODUCTORY STATEMENT**

The allegations contained in the Introductory Statement are legal conclusions to which a

response is not required.

**JURSIDICTION AND VENUE**

1.  The allegations contained in Paragraph 1 are legal conclusions to which a response is not

    required.  Defendant admits jurisdiction is proper in this Court.

2.  The allegations contained in Paragraph 2 are legal conclusions to which a response is not

    required.  To the extent that Paragraph 2 is deemed to allege facts, they are denied.

3.  The allegations contained in Paragraph 3 are legal conclusions to which a response is not

    required.  To the extent that Paragraph 3 is deemed to allege facts, they are denied.

**THE PARTIES**

4.  Defendant lacks sufficient knowledge to admit or deny the allegations contained in

    Paragraph 4.

5.  Defendant admits it is a foreign corporation.  Defendant lacks sufficient knowledge to

    admit or deny the allegation that Invensys Process Systems (Invensys) is a foreign

    corporation, which maintains facilities and conducts business at various locations within the

    Commonwealth of Massachusetts or that Invensys was Plaintiff's employer at the time of

    the incidents giving rise to this Complaint.  Defendant denies the remaining allegations in

    Paragraph 5.

6.  Defendant admits the allegations contained in Paragraph 6.

7.  Defendant admits that the individuals listed in a. through d. of Paragraph 7 were employees

    of the Defendant and/or its pertinent affiliates.

**FACTS**

8.  Defendant lacks sufficient knowledge to admit or deny that allegations contained in

    Paragraph 8.

9.  Defendant admits that it issued Policy No. LK-030471 to Invensys, Inc. (the "Plan").

    Defendant admits that the Plan Administrator of the Plan selected Defendant as the

    fiduciary for review and determination of claims for benefits under federal law.

10. Defendant admits there is a Plan.  Defendant denies the remaining allegations contained in

    Paragraph 10 because Plaintiff fails to state the entirety of a document that is the best

    evidence of its contents.

11. Defendant admits Plaintiff suffers from angina and coronary artery disease.  Defendant

    denies the remaining allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant lacks sufficient knowledge to admit or deny the allegation that Plaintiff "continues to suffer from recurrent angina and continues to present symptoms of ischemia in the infero apical region of the heart." Defendant admits the remaining allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant admits that Plaintiff applied for disability benefits. Defendant admits that Plaintiff submitted copies of medical records and other pertinent documents, but lacks sufficient knowledge to admit or deny that the information submitted were "complete" copies or constituted "all" medical records.

16. Defendant admits that it denied Plaintiff benefits and that there are letters dated March 15, 2004 and August 13, 2004. Defendant denies the remaining allegations contained in Paragraph 16 because Plaintiff fails to state the entirety of the documents that are the best evidence of their contents.

17. Defendant admits that there are letters dated March 15, 2004 and August 13, 2004. Defendant denies the remaining allegations contained in Paragraph 17 because Plaintiff fails to state the entirety of the documents that are the best evidence of their contents.

18. Defendant admits that there are letters dated March 15, 2004 and August 13, 2004. Defendant denies the remaining allegations contained in Paragraph 18 because Plaintiff fails to state the entirety of the documents that are the best evidence of their contents.

19. Defendant lacks sufficient knowledge to admit or deny the allegation that "Plaintiff continues to suffer from recurrent angina and continues to present symptoms of ischemia in

the infero apical region of the heart." Defendant denies the remaining allegations in

Paragraph 19.

20.  Defendant denies the allegations contained in Paragraph 20.

21.  Defendant admits that there is a report from Dr. Snyder.  Defendant denies the remaining

allegations contained in Paragraph 21 because Plaintiff fails to state the entirety of a

document that is the best evidence of it contents.

22.  Defendant admits that there is a report from Dr. Snyder.  Defendant denies the remaining

allegations relating to that report because Plaintiff fails to state the entirety of a document

that is the best evidence of it contents.  The remaining allegations contained in Paragraph

22 are legal conclusions to which a response is not required.

23.  Defendant admits there is a letter dated August 13, 2004.  Defendant denies the remaining

allegations contained in Paragraph 23 because Plaintiff fails to state the entirety of a

document that is the best evidence of it contents.

24.  Defendant admits there is a letter dated August 13, 2004.  Defendant denies the remaining

allegations contained in Paragraph 24 because Plaintiff fails to state the entirety of a

document that is the best evidence of it contents.

25.  Defendant denies the allegations contained in Paragraph 25.

26.  Defendant denies the allegations contained in Paragraph 26.

27.  Defendant admits there are a "draft" report and an "addendum."  Defendant denies the

remaining allegations contained in Paragraph 27 because Plaintiff fails to state the entirety

of a document that is the best evidence of its contents.

28.  Defendant denies the allegations contained in Paragraph 28.

29.  Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant admits there is a Job Description for Plaintiff's job with Invensys. Defendant denies the remaining allegations contained in Paragraph 31 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant admits there is a Job Description for Plaintiff's job with Invensys. Defendant denies the remaining allegations contained in Paragraph 33 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

34. Defendant admits there is a Job Description for Plaintiff's job with Invensys. Defendant denies the remaining allegations contained in Paragraph 34 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

35. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 35.

36. Defendant admits that there is an appeal by Plaintiff. Defendant denies the remaining allegations contained in Paragraph 36 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

37. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 37.

38. Defendant denies that Plaintiff is currently disabled. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 40.

41.  Defendant admits that it terminated Plaintiff's benefits.  Defendant denies the remaining

allegations contained in Paragraph 41.

42.  Defendant lacks sufficient knowledge to admit or deny the allegations contained in

Paragraph 42.

43.  Defendant denies the allegations contained in Paragraph 43.

44.  Defendant denies the allegations contained in Paragraph 44.

45.  Defendant denies the allegations contained in Paragraph 45.

46.  Defendant admits there is a letter dated February 15, 2005.  Defendant denies the remaining

allegations contained in Paragraph 46 because Plaintiff fails to state the entirety of a

document that is the best evidence of its contents.

**COUNT I**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974**

47.  Defendant realleges each of the paragraphs above as if fully set forth herein.

48.  Defendant admits that it is the claims administrator for the Plan.  The remaining allegations

contained in Paragraph 48 are legal conclusions to which a response is not required.

49.  The allegations contained in Paragraph 49 are legal conclusions to which a response is not

required.

50.  The allegations contained in Paragraph 50 are legal conclusions to which a response is not

required.

51.  The allegations contained in Paragraph 51 are legal conclusions to which a response is not

required.

52.  The allegations contained in Paragraph 52 are legal conclusions to which a response is not

required.  To the extent that Paragraph 52 is deemed to allege facts, they are denied.

53.  The allegations contained in Paragraph 53 are legal conclusions to which a response is not

required.  To the extent that Paragraph 53 is deemed to allege facts, they are denied.

**AFFIRMATIVE DEFENSES**

1.  Plaintiff's remedies, if any, are limited to those provided for under ERISA and his damages,

if any, are subject to the restrictions, deductions and offsets contained in the applicable

Policy.

2.  The Plaintiff is not disabled within the meaning of the Policy or Plan and this constitutes a

complete defense to the claims contained in Plaintiff's Complaint.

3.  Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of

the insurance Policy or Plan at issue.

4.  The Court's review of this matter is limited to the administrative record before the claims

administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

5.  No payments are owed to the Plaintiff under the terms and conditions of the said Policy or

Plan.

6.  This Court's adjudication of this matter is subject to the arbitrary and capricious standard of

review.

7.  The answering Defendant asserts any and all defenses available to them under the terms of

the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

8.  LINA's denial of benefits under all of the circumstances was reasonable and was not

arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a

complete defense to the within cause of action.

9.  Under all of the circumstances, Plaintiff is owed no benefits under the Policy or Plan, or

interest, costs and/or attorney's fees.

The Defendant,

Life Insurance Company Of North America

By its Attorneys,


/s/David B. Crevier
David B. Crevier, BBO# 557242
Katherine R. Parsons, BBO# 657280
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
(413) 787-2400
Fax:  (413) 781-8235
Email:  dcrevier@crevierandryan.com
          kparsons@crevierandryan.com


**CERTIFCATE OF SERVICE**

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S. Mail postage prepaid this 5th day of December, 2005.


/s/David B. Crevier